NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
TIMOTHY MILTON VALES,               :
                                    :  Civil Action No. 13-3027 (RMB)
            Petitioner,             :
                                    :
      v.                            :  **MEMORANDUM OPINION**
                                    :
JORDAN HOLLINGSWORTH et al.,        :
                                    :
            Respondents.            :
_____:

**BUMB, District Judge:**

This matter comes before the Court upon Petitioner's Section 2241 application ("Petition"), see Docket Entry No. 1, which was followed by his filing fee and eight additional submissions. See Docket Entries Nos. 3 to 10.

I.  BACKGROUND

While the Petition is relatively lengthy, and Petitioner's post-pleading submissions are as multiple as they are voluminous, the exact nature of his challenges are not easy to distill. The attachments to the Petition provide this Court with his administrative record shedding some light on this issue. One of the underlying administrative determinations reads as follows:

> [Petitioner] request[ed] jail credit [for the period] from November 15, 2010, to October 25, 2012. A review of [Petitioner's penal record] reveal[ed that,] on November 15, 2010, [Petitioner was] arrested by the Pennsylvania State Police on numerous state charges. [The next day, i.e., on November 16, 2010,] the United States . . . issued a warrant [based on Petitioner's

> violation of his parole conditions ensuing from his
> previous federal term; that parole violation warrant
> was issued in light of Petitioner's] state arrest.
> [Petitioner was then convicted on state charges and
> sentenced to serve a state term of imprisonment]. On
> October 26, 2012, [Petitioner] completed [that] state
> sentence[, and, on the next day, i.e., October 27,
> 2012, he was placed in federal custody for the purposes
> of his federal parole violation proceeding]. On
> November 26, 2012, [Petitioner was] sentenced in the
> Western District of Pennsylvania [on those parole
> violation charges] to a total term of 27 months
> incarceration [that is, the sentence he is serving now.
> Petitioner was] awarded jail credit toward [that
> parole-violation-based] federal sentence [for the
> period] from October 27, 2012 to November 25, 2012
> [i.e., for the period when, after completing his state
> sentence, he was held in federal custody awaiting his
> prosecution and sentencing on the parole-violation
> charges. Since his] federal sentence commenced on
> November 26, 2012 [his 27-month federal term was
> reduced by this October 27, 2012 to November 25, 2012,
> period ("Granted Jail Credits"). The reduction yielded
> Petitioner's] current release date [of] October 12,
> 2014, [that is, if his good-conduct-time credits would
> vest]. 18 U.S.C. § 3585([b]) states: "a defendant
> shall be given credit toward the service of the term of
> imprisonment for any time he has spent in official
> detention prior to the date the sentence [unless that
> time was already] credited against [the defendant's]
> another sentence." The [period of time Petitioner is
> requesting here as a credit against his federal
> sentence] was [already] awarded toward [his] state of
> Pennsylvania sentence. Therefore, [he] cannot receive
> this credit toward [his] current federal sentence.
> Accordingly, [his] request is denied.

Docket Entry No. 1, at 17.

Petitioner appealed that determination administratively. See id. at 18. He asserted that the Granted Jail Credits were insufficient, and recited his position that he was entitled to the jail credits equal to the sum of his Granted Jail Credits *and* the period when he was serving his state Pennsylvania sentence,

2

i.e., from November 15, 2010, to October 26, 2012. See id. In support of his position, he appears to allege that the fact that his state imprisonment being already credited against his state sentences should be disregarded for the purposes of § 3585(b) analysis simply because the United States lodged a detainer against him (by issuing his probation-violation warrant) on the date following his arrest on the state charges. See id. Therefore, he requested a further administrative review.

Addressing that contention, the Regional Office of the BOP responded with a determination substantively indistinguishable, in its outcome, from that quoted supra. See id. at 19. However, noting Petitioner's request for a further review, the Regional Office stated:

> [Petitioner's] request for additional prior custody credit has been forwarded to the . . . Computation Center for further review . . . . [Petitioner] must continue the administrative remedy process in order to be advised of [the outcome of that review. Since Petitioner's request for additional review is being granted, it means that his] appeal is *partially granted* [but only to that effect, i.e., additional review].

Id. (italicis supplied).

Capitalizing on this italicized phrase ("partially granted") and taking it completely out of the context, Petitioner filed an application with the Central Office of the BOP, stating that he was "in full agreement" with having his request "granted" by the BOP, even though that phrase did not promise him anything but a

3

further review and an opportunity to be informed of the outcome. See Docket Entry No. 5, at 2.

The Central Office declined Petitioner's invitation to enforce the "grant." See id. at 3. In a detailed and lengthy reply, the Central Office listed the many charges and sentences designated in the above-quoted prior administrative decisions under one collective term, i.e., as Petitioner's "state Pennsylvania sentence"; it also pointed out that Petitioner entered primary federal custody only upon expiration of those many state sentences. See id.[1]

---

[1]

Records reflect [Petitioner was] arrested on November 15, 2010, by the Pittsburgh Police Department in Pennsylvania for Forgery and Writing Bad Checks, and sentenced on June 29, 2011, to Time Served. This arrest placed [Petitioner] in the exclusive primary custody of State of Pennsylvania authorities. On November 30, 2010, while [Petitioner was] being held by the Pittsburgh Police Department, the Pennsylvania State Police in Greensburg, Westmoreland County, Pennsylvania charged you with Theft by Unlawful Taking, Receiving Stolen Property, Forgery, Access Device Fraud, and Bad Checks. [Petitioner was] sentenced on these charges in Westmoreland County on August 3, 2011, to serve 9 to 23 months, with 129 days credit for time served. Furthermore, Monroeville, Alleghany County Police Department in Pennsylvania filed charges of Forgery, Theft by Deception, Access Device Fraud and Possession of Access Device Knowing It Was Counterfeit or Altered, against [Petitioner] on March 28, 2011, while [Petitioner was] being held in Westmoreland County awaiting disposition on their charges. [Petitioner was] subsequently sentenced on March 12, 2012, to serve 5 to 10 months, with time served credit of 148 days. On May 12, 2011, [Petitioner was] also charged by Rostraver Township Police, Westmoreland County, Pennsylvania with Forgery, Identity Theft, and

4

In the instant matter, Petitioner also raised these challenges with a new claim. Specifically, he stated that he was alleging

> [t]wo things. One, pursuant to applicable federal sentencing guideline, USSG 5G1.3(b) or (c) [Petitioner is seeking] "adjustment of sentence" to adjust [his] current 27—month [federal] sentence [imposed by the Western District of Pennsylvania so to render it retroactively concurrent with the multitude of state Pennsylvania sentences Petitioner was serving between from November 15, 2010, to October 26, 2012. Alternatively], based on the [phrase] "partially granted" [included in the decision issued by the Regional Office, Petitioner is now seeking an order directing the BOP] to enforce [the devised-by-Petitioner promise of] "705—days" credit . . . .

Docket Entry No. 1, at 10.

In support of his new claim, that is, the claim of retroactive concurrence, Petitioner asserted that, prior to his federal sentence by the Western District of Pennsylvania,

> [his defense counsel] requested[,] in his Memorandum[,] . . . "credit for time served" from November 15, 2010 to October 26, 2012. At the . . . sentenc[ing hearing] . . . , [c]ounsel reiterated the exact same request in open court and the [presiding federal judge did not

---

> Theft by Deception and sentenced on August 3, 2011, to serve 23 months, with 8 months credit for time served. A federal detainer was placed on November 16, 2010. [Petitioner] finished serving [his] Pennsylvania State sentences on October 26, 2012, and [was] given all prior custody credits on [his] Pennsylvania State sentences from the date of [his] state arrest of November 15, 2010. [Petitioner was] picked—up by the United States Marshals Service on October 26, 2012, and became exclusive primary federal custody at that time.

Docket Entry No. 5, at 3.

5

> respond. Petition, therefore, prefers to believe that
> that the presiding federal judge's] silence created
> [an] "ambiguity" [entitling Petitioner to the very
> retroactive concurrence his counsel requested].

Id. at 8.

II. DISCUSSION

    A.    <u>Violation of Habeas Rule 2 Requirement</u>

Here, Petitioner conflates two distinct claims, <u>i.e.</u>, one that the BOP erred in executing his federal sentence as imposed by the Western District of Pennsylvania, and another that the BOP erred in calculating his jail credits.

Each of these claims should have been administratively exhausted, separately, at every level of the BOP. Had Petitioner done so, the BOP's determinations as to each of these claims would have yielded two distinct rulings. If these rulings were not to Petitioner's satisfaction, he would be obligated to challenge them in two distinct and different habeas actions. <u>See</u> 28 U.S.C. § 2254 Rule 2(e) (applicable to § 2241 matters through Habeas Rule 1(b)); <u>see</u> <u>also</u> <u>Muniz v. Zickefoose</u>, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011), <u>aff'd</u>, 460 F. App'x 165 (3d Cir. 2012).

Petitioner, however, exhausted only one of these claims, the one seeking jail credits (in the amount equal to all his state sentences, collectively). His other claim, based on his federal judge's silence in response to Petitioner's counsel's request (to

have his federal sentence run retroactively concurrent to all his state sentences, collectively) was not raised administratively.

Petitioner cannot "stitch" his two different claims, one exhausted and another not, to each other. He must litigate them separately, in two distinct and different habeas matters. Therefore, this Court will reserve the instant action for Petitioner's jail-credit challenges, and will direct the Clerk to commence a new habeas action for Petitioner's claims seeking recalculation of his sentence under retroactive concurrence.

    B.   <u>Governing Substantive Tests</u>

        1.   Jail-Time Credits

There are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving his federal sentence; (2) credit for prior custody under 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate was denied bail solely because of a federal detainer, commonly referred to as "Willis" credit. <u>See</u> <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was either "a result of the offense for which the sentence was imposed" or "a result of any other charge for which the defendant was arrested after

7

the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence. The Supreme Court has made clear that inmates are not allowed to "double count" credit. See United States v. Wilson, 503 U.S. 329 (1992).

    2.    Downward Sentence Adjustment

While § 3585(b) governs calculation of a sentence by the BOP, § 3584 gives the federal sentencing court the power to impose a sentence that runs concurrent to a state sentence. The holding of Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002), found that a sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guidelines § 5G1.3(c) to order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving.[2]

---

[2] In Ruggiano, the Court of Appeals noted that retroactive concurrence is neither a jail-credit nor a sentence adjustment; rather, it is a "downward departure" allowed under U.S.S.G. § 5G1.3(c). Notably, the application note 3(E) to § 5G1.3 (U.S. Sentencing Guidelines Manual § 5G1.3 cmt. N. 3(E) (2003)) is in conflict with the holding of Ruggiano, since it provides that, "subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on an undischarged term of imprisonment." Notwithstanding that note, however, Ruggiano remains the controlling precedent for the purposes of this Court's analysis, since the Circuit has addressed the effect of note 3(E) on the Ruggiano (and found that the note abrogated Ruggiano) only in a non-precedential United States v. Destio, 153 F. App'x 888, 893-94 (3d Cir. 2005).

8

### 3. Primary and Secondary Jurisdiction

In addition, relevant to the foregoing is the concept of "primary jurisdiction." When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who first acquires custody has primary jurisdiction over the defendant. See Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996). Primary jurisdiction remains vested in the jurisdiction which first arrested defendant until that jurisdiction relinquishes its priority by bail release, dismissal of state charges, parole release, or expiration of sentence. See id.

### C. Petitioner's Jail-Time Credit Claims Are Meritless

Here, Petitioner's duly exhausted challenge, i.e., the "jail-credit" line of claims, is unavailing. The record provided by Petitioner shows that he entered the primary custody of Pennsylvania upon his state arrest and remained in that custody until his all state Pennsylvania sentences expired. The period of his state confinement was credited against his many Pennsylvania sentences, and none of his state bail determinations turned on his lodged federal charges. Hence, the BOP correctly construed § 3585(b) under Wilson and denied him "double credit," and it duly declined to entertain his Willis challenges, as lacking the requisite factual predicate.

Correspondingly, on the face of Petitioner's allegations, his jail-credit challenges will be dismissed as meritless.[3]

D. Petitioner's New Downward Departure Claim

Petitioner's new challenges, will be severed into a new and separate habeas matter. In addition, recognizing that the regime set forth in Ruggiano (which built on Rios v. Wiley, 201 F.3d 257, 264 (3d Cir. 2000)), is quite technical, this Court finds it warranted to provide Petitioner with the following guidance:

When the federal court sitting in habeas review faces the task of determining what type of downward departure the sentencing court intended to apply, if any, "the appropriate starting point is to ascertain the meaning that . . . should [be] ascribed to the sentencing court's directives." Rios v. Wiley, 201 F.3d at 264. When the oral *pronouncement* of sentence and written *sentence* are in conflict, the oral pronounced sentence prevails. See United States v. Chasmer, 952 F.2d 50, 52 (3d Cir. 1991). When there is no conflict, but "only ambiguity" in either

---

[3] Habeas Rule 4 requires a judge to sua sponte dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable to § 2241 actions through Rule 1(b). "Federal courts are authorized to dismiss summarily any habeas petition [*7] that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

or both sentence *pronouncements*, the controlling oral sentence "'often consists of spontaneous remarks' that are 'addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of the surrounding law.'" Ruggiano, 307 F.3d at 133 (quoting Rios, 201 F.3d at 268) (emphasis supplied). Paramount here, since the Ruggiano and Rios analyses focused on oral or written *pronouncements*, silence cannot create a basis for the conclusion that the sentencing federal court wished to direct any sentencing departure. Accord Elwell v. Fisher, 2012 U.S. Dist. LEXIS 84823, at *20 (D. Minn. Apr. 25, 2012) (relying on Setser v. United States, 132 S. Ct. 1463, 1468-69 and n. 3 (2012)).

Therefore, to assert a viable "ambiguity" in his sentence, Petitioner would have to allege facts based on his federal judge's actual oral and/or written pronouncements, not silence.

For the foregoing reasons, the Petition at bar will be construed as raising solely the challenges to the BOP denial of Petitioner's request for jail-time credits. These challenges will be dismissed as facially meritless in light of the record Petitioner provided.

Petitioner's new claim, asserting that the BOP erred in executing his sentence as directed by Petitioner's federal judge, will be severed in a new and separate habeas matter. Petitioner will be allowed an opportunity to prosecute that matter upon

11

showing proper exhaustion (or showing cause as to why the exhaustion requirement shall be excused), stating a viable claim in light of the guidance provided to him herein and pre-paying his filing fee (or submitting a complete in forma pauperis application).

An appropriate Order follows.

s/Renée Marie Bumb<br>
<strong>RENÉE MARIE BUMB</strong><br>
<strong>United States District Judge</strong>

Dated: January 30, 2014